IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3299-F

| | | |
|---|---|---|
| DARRELL KOONCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| D. TURNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the following motions: 1) Plaintiff's motion to amend [DE-30]; 2) Plaintiff's motion to appoint counsel [DE-12]; 3) Plaintiff's motion for entry of default [DE-27]; and 4) Defendants' motion to dismiss [DE-24]. For the reasons explained below: 1) Plaintiff's motion to amend [DE-30] is ALLOWED; 2) Plaintiff's motion to appoint counsel [DE-12] is DENIED; 3) Plaintiff's motion for entry of default is DENIED; and 4) Defendant's motion to dismiss [DE-24] is ALLOWED IN PART AND DENIED IN PART.

I.  **Motion to amend**

Plaintiff has filed a proposed amended complaint [DE-30-1] along with a motion for leave to amend [DE-30]. Under Federal Rule of Civil Procedure 15(a)(1)(B), a Plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15, a "motion to amend should be denied only where it would be

prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). Given this liberal standard, Plaintiff's motion to amend [DE-30] is ALLOWED.

## II. Motion to appoint counsel

Plaintiff has also filed a motion requesting the appointment of counsel [DE-12]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Therefore, Plaintiff's motion to appoint counsel [DE-12] is DENIED.

## III. Motion for entry of default

Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure generally requires that a defendant serve a responsive pleading within twenty-one days from service of the complaint. Plaintiff seeks an entry of default against Defendants because they allegedly did not answer or otherwise respond to Plaintiff's complaint within that time frame [DE-27]. However, before any responsive pleading was due, Defendants were granted an extension of time until September 3, 2014 to file an answer. *See* July 25, 2014 Order [DE-22]. Defendants' answer [DE-23] and the instant

2

Case 5:13-ct-03299-F Document 31 Filed 03/03/15 Page 2 of 6

motion to dismiss [DE-24] were timely filed on September 3, 2014. Therefore, Plaintiff's motion for entry of default [DE-27] is DENIED.

**IV.** **Motion to dismiss**

Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In analyzing a motion to dismiss under Rule 12(b)(6)," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). A reviewing court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Likewise, a complaint filed by a pro se litigant "is to be liberally construed, . . . and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted). However, a court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 556 U.S. at 768; Nemet Chevrolet, Ltd. v. Consumeraffairs. com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

Plaintiff contends that, while he was a pretrial detainee at Lenoir County Detention Center ("Lenoir"), Defendants instituted disciplinary action against him without affording him due process.

3

Compl. [DE-1], p. 3. Specifically, Plaintiff contends that Defendants placed him "on lockup" for "300 days." Id. He further asserts that, as a result of being placed in disciplinary segregation, "[a]ll [of his] privileges [were] taken[:] phone, visitation, canteen and recreation." Id. In his original complaint, Plaintiff only sought injunctive relief. Id. at pp. 4-5. However, in his amended complaint Plaintiff now also seeks monetary damages. Am. Compl. [DE-30-1], pp. 7-8.

To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court set forth the minimal procedural protections that must be provided to an inmate deprived of a constitutionally protected liberty interest. Id. at 556-72. The due process procedures required by Wolff are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472(1995).

Defendants first argue that Plaintiff's claims should be dismissed as moot to the extent he seeks injunctive relief. Def. Mem. [DE-25], pp. 3-4. Specifically, on or about June 13, 2014, Plaintiff was transferred from Lenoir to Craven Correctional Institution ("Craven") [DE-8]. On or about July 17, 2014 he was transferred again from Craven to Central Prison [DE-13]. "Because [Plaintiff] . . . has been transferred, his request[s] for injunctive relief [are] moot." Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). Accordingly, Defendants' motion [DE-24] is ALLOWED to the extent it seeks dismissal of Plaintiff's claims for injunctive relief.

With regard to Plaintiff's remaining claims for monetary relief, Defendants argue that, because Plaintiff is a "lawfully convicted inmate," the Due Process Clause "confers only a very limited range of protect liberty." Def. Mem. [DE-25], p. 5. Thus, Defendants contend, Plaintiff does

4

not have a protected liberty interest in the telephone, visitation, canteen, or recreation privileges that he lost as a result of being placed in disciplinary segregation. Id. In so arguing, Defendants cite several cases applicable to inmates. Id. However, during the time period relevant to his complaint, it appears that Plaintiff was not an inmate, but a pretrial detainee.

As a pretrial detainee, Plaintiff has a due process right against restrictions that amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). To establish that a condition or restriction of confinement is constitutionally impermissible "punishment," a pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (citing Bell, 441 U.S. at 538-40). Moreover, courts have held that "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002); see also Mitchell v. Dupnils, 75 F.3d 517, 524 (9th Cir. 1996) (holding that a pretrial detainee who is placed in disciplinary segregation as punishment has a right to a due process hearing); King-Fields v. Leggett, No. CIV.A. ELH-11-1491, 2014 WL 694969, at *19 (D. Md. Feb. 19, 2014) (finding that pretrial detainee had a liberty interest in avoiding disciplinary segregation).

Construing his allegations liberally, as required, Plaintiff has stated at least a plausible due process claim. While further development of the record may preclude Plaintiff from obtaining relief on this claim, he has at least sufficiently alleged possible due process violations for purposes of Rule 12(b)(6). Accordingly, Defendants' motion [DE-24] is DENIED to the extent it seeks dismissal of Plaintiff's claims for monetary damages. The court will entertain a motion for summary judgment

5

on a more fully developed record.

## V. Conclusion

For the aforementioned reasons: 1) Plaintiff's motion to amend [DE-30] is ALLOWED; 2) Plaintiff's motion to appoint counsel [DE-12] is DENIED; 3) Plaintiff's motion for entry of default is DENIED; and 4) Defendant's motion to dismiss [DE-24] is ALLOWED IN PART AND DENIED IN PART. Plaintiff's claims for injunctive relief are DISMISSED. This matter shall be referred to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order.

SO ORDERED. This the 3rd day of March, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge